IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID VAUGHN,<br><br>    Defendant. | 8:25CV372<br><br>MEMORANDUM<br>AND ORDER |

  On April 11, 2025, plaintiff Susanne Becker ("Becker") filed a *pro se* Claim and Notice to Defendant (Small Claims Court) (Filing No. 1-1) in the County Court of Scotts Bluff County, Nebraska, seeking $6,000 from defendant David Vaughn ("Vaughn") for his alleged failure to provide adequate services at the United States Postal Service ("USPS") office in Scottsbluff (the "post office"). She alleges Vaughn "stole[] [her] services for failure to render them when [she] clearly paid for his companies [sic] services," in violation of the United States Constitution, federal law, and post-office policy.

  As alluded to in Becker's claim, Vaughn is the postmaster for Scottsbluff. On May 30, 2025, he removed (Filing No. 1) the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) with the United States Attorney for the District of Nebraska acting as his counsel. As pertinent here, § 1442(a)(1) authorizes the removal of any "civil action . . . that is commenced in a State court" against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." *See also Graves v. 3M Co.*, 17 F.4th 764, 768-69 (8th Cir. 2021) (describing the statute's requirements); *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (broadly construing the scope of § 1442(a)(1)).

Now before the Court is Vaughn's Motion to Dismiss (Filing No. 6) this case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Vaughn makes a factual attack on jurisdiction supported by affidavits and other outside materials. *See Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (distinguishing between facial and factual attacks). As such, Becker does "not enjoy the benefit of" this Court accepting her allegations as true. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 915 (8th Cir. 2015).

Vaughn's jurisdictional argument takes a couple of steps. First, he asserts the United States is "the only proper defendant" in this case because he was acting in his official capacity as postmaster when the post office allegedly failed to render satisfactory services to Becker. *See, e.g.*, *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (unpublished per curiam) ("A suit against a government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).[1]

From there, he emphasizes that absent waiver, "sovereign immunity shields the Federal Government and its agencies from suit." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (alteration omitted) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Vaughn acknowledges that Congress has waived sovereign immunity for certain tort actions under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and liberally construes Becker's small-claims action to bring such a claim. *See Martin v. United States*, 605 U.S. ___, ___, 2025 WL 1657418, at *4 (U.S. June 12, 2025) (explaining "[t]he FTCA allows those injured by federal employees to sue the United States for damages" by waiving its "sovereign immunity for 'certain torts committed by federal employees acting within the scope of their employment'" (citing 28

---

[1] Barring dismissal, Vaughn requests that the United States be substituted as defendant.

U.S.C. § 1346(b) and quoting *Brownback v. King*, 592 U.S. 209, 212 (2021))). Still, he contends dismissal is warranted here because Becker has not exhausted her administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a) (requiring exhaustion); *McNeil v. United States*, 508 U.S. 106, 111 (1993) (noting courts are bound by that statutory requirement).

Aside from a cursory complaint about "unfound facts" that purportedly fail to account for Federal Rule of Civil Procedure 4(i)(1)(C), Becker neither challenges Vaughn's assumptions about her rather cryptic claim nor cogently addresses his jurisdictional arguments. Instead, she has filed two motions of her own (Filing Nos. 10, 11). The first—purportedly filed pursuant to Federal Rule of Civil Procedure 45, which governs the transfer of "a subpoena-related motion,"—is designated as a "Notice w[ith] Motion to Rescind." In it, Becker suggests Vaughn improperly removed the case to federal court in violation of state statutory and constitutional law and requests that the case be sent "back to small claims."

The second is designated as a "Notice w[ith] Motion [for] Contempt and Summary Judgement." Becker seeks "an order of contempt of court on" Vaughn's counsel "with a summary judgement in [Becker's] favor for the Department of Justice to pay the full cost of service [o]f this case based on [Vaughn's counsel's] motion for dismissal." The motion also includes references to Becker's federal bankruptcy case and her attorney in that case. In all, she seeks payment of $421,570.08. She reaches that number by adding the original $6,000 in damages she sought in small-claims court, "$65,000 for pro se retainer to start a small claims case," $65,000 for retaining her bankruptcy attorney, and "[$]4,523.60 for issuing a motion to rescind back into small claims." She multiplies that total—$140,523.60—by three to account for "the cost of this paper service."

Becker attaches to her motion part of Rule 4(i)(1) and the statutory text for 18 U.S.C. § 402 (contempts constituting crimes) and 18 U.S.C. § 1505 (obstruction of

proceedings before departments, agencies, and committees). Yet she provides no probative explanation as to how that information is relevant to her motion.

After careful review of the parties' respective submissions and the balance of the record in this case, the Court finds Vaughn's motion to dismiss has merit and Becker's motions do not. Vaughn removed this case under § 1442(a)(1). "That section provides for removal where (1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between its actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person' within the meaning of the statute." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007).

All four elements are met here where Becker complains of Vaughn's purported failures in his official duties as postmaster for Scottsbluff and he asserts sovereign immunity. *See* 39 U.S.C. § 3901 (establishing the United States Postal Service); *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver."); *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1043 (8th Cir. 2023) (explaining § 1442(a) gives "the federal government, federal agencies, federal officers, and persons 'acting under' federal officers the right to remove from state court to federal court certain civil actions . . . brought against them"). The propriety of Vaughn's removal dooms Becker's cursory requests for remand, remuneration, and other judicial relief.

Turning to dismissal, Becker has neither alleged nor shown any colorable basis for a waiver of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (explaining the FTCA preserves the postal service's sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" (quoting 28 U.S.C. § 2680(b))). Indeed, it is not even clear

what claim she brings against Vaughn—other than that she seeks money damages. *See, e.g.*, *V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000) ("To sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction."); *Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 239, 245 (3d Cir. 2011) (joining the clear majority of appeals courts in concluding the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109, "bars breach of contract and 'essentially contractual' claims against the [USPS] in the district courts of the United States"); *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 800-01 (8th Cir. 2006) (concluding that although claims "of inadequate postal service" often "echo contract," classic questions of postal rates and services belong before the postal regulatory commission under 39 U.S.C. § 3662); *Richter v. U.S. Postal Serv.*, No. 8:12CV428, 2013 WL 2897024, at *4 (D. Neb. June 12, 2013) (questioning whether the plaintiff brought a breach-of-contract claim). To the extent Becker asserts a tort claim under the FTCA as Vaughn suspects, she has not demonstrated that she has exhausted her administrative remedies. *See* 28 U.S.C. § 2675(a); 39 U.S.C. § 409. Becker does not say anything about properly presenting her administrative claim to the USPS, and the government credibly states it has no record of receiving one. *See Rollo-Carlson ex rel. Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) ("The presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court.").

In light of the foregoing,

IT IS ORDERED:

1. Defendant David Vaughn's Motion to Dismiss (Filing No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
2. This case is dismissed without prejudice for lack of subject-matter jurisdiction.
3. Plaintiff Susanne Becker's motion to rescind (Filing No. 10) and motion for contempt and summary judgment (Filing No. 11) are denied.
4. A separate judgment will issue.

Dated this 24th day of June 2025.

                                  BY THE COURT:

                                  Robert F. Rossiter, Jr.
                                  Chief United States District Judge